UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 3:25-cr-300-KDB |
| v. | **BILL OF INDICTMENT** |
| DECARLOS DEJUAN BROWN, JR. | Violation: 18 U.S.C. § 1992(a)(7), (b)(1) & (c)(1) |

### THE GRAND JURY CHARGES:

### COUNT ONE
(Violence Against a Railroad Carrier and Mass Transportation System Resulting in Death)

On or about August 22, 2025, in Mecklenburg County, within the Western District of North Carolina and elsewhere, the defendant,

**DECARLOS DEJUAN BROWN, JR.,**

did knowingly and without lawful authority and permission commit an act, including the use of a dangerous weapon, as defined in 18 U.S.C. § 1992(d)(2), with the intent to cause death and serious bodily injury to any person, and the act resulted in the death of any person, who was on a terminal, structure, track, and facility used in the operation of, and in support of the operation of, a railroad carrier and mass transportation vehicle, under circumstances in which the railroad on-track equipment and mass transportation vehicle was carrying one or more passengers and employees at the time of the offense, and any of the conduct required for this offense was engaged in, on, against, and affecting a mass transportation provider and railroad carrier engaged in interstate and foreign commerce, to wit, the Charlotte Area Transit System.

All in violation of Title 18, United States Code, Section 1992(a)(7), (b)(1), & (c)(1).

### NOTICE OF SPECIAL FINDINGS PURSUANT TO
### TITLE 18, UNITED STATES CODE, SECTIONS 3591 AND 3592

The Grand Jury further finds:

As to Count One, the defendant, **DECARLOS DEJUAN BROWN, JR.,**

    a. was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

    b. intentionally killed I.Z. (18 U.S.C. § 3591(a)(2)(A));

c. intentionally inflicted serious bodily injury that resulted in the death of I.Z. (18 U.S.C. § 3591(a)(2)(B));

d. intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and I.Z. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and I.Z. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

f. committed the offense charged in Count One and the death of I.Z., and injury resulting in I.Z.'s death, occurred during the commission of, and during the immediate flight from the commission of, the offense described in Count One (18 U.S.C. § 3592(c)(1)); and

g. had previously been convicted of one or more Federal or State offenses punishable by a term of imprisonment of more than one year, involving the use and attempted use and threatened use of a firearm against another person, those offenses being, robbery with a dangerous weapon, the conviction having been entered on or about February 13, 2015, in North Carolina Superior Court, Mecklenburg County (18 U.S.C. § 3592(c)(2)).

A TRUE BILL:

_____
FOREPERSON

RUSS FERGUSON
UNITED STATES ATTORNEY

_____
EDWARD R. RYAN
ASSISTANT UNITED STATES ATTORNEY

_____
DANIEL CERVANTES
ASSISTANT UNITED STATES ATTORNEY