IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:25-CR-00300-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DECARLOS DEJUAN BROWN JR.,<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion to Set Briefing Schedule for Motion to Transfer Under FRCrP 21 (Doc. No. 25). Defendant was indicted on October 22, 2025, for violence against a railroad carrier and mass transportation system resulting in death, in violation of 18 U.S.C. § 1992(a)(7) and (b)(1), after he allegedly stabbed a young woman on the light rail system in Charlotte, North Carolina. *See* Doc. No. 10. Defendant alleges that the matter has been "the subject of intense media and political attention," and the "extraordinary" amount of scrutiny may warrant a change in venue. Doc. No. 25 at 1. The Government opposes the motion, contending that it is premature because the matter has not yet reached voir dire and Defendant's competency remains unresolved. *See* Doc. No. 36 at 2–3. The Court agrees that the motion is premature.

Federal Rule of Criminal Procedure 21 requires the transfer of criminal proceedings to "another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21. "The question of transfer under Rule 21(b) is within the court's discretion," *United States v. Espinoza*, 641 F.2d 153, 162 (4th Cir. 1981) (citation omitted), and involves a two-step analysis.

*United States v. Higgs*, 353 F.3d 281, 307 (4th Cir. 2003). First, the district court must assess "whether the publicity is so inherently prejudicial that trial proceedings must be presumed to be tainted." *Id.* If such prejudice is found, the court must order a change of venue prior to jury selection. *Id.* Yet "[o]nly in extreme circumstances may prejudice to a defendant's right to a fair trial be presumed from the existence of pretrial publicity itself." *Id.* (quoting *Wells v. Murray*, 831 F.2d 468, 472 (4th Cir. 1987)) (citation omitted). Rather, the trial court ordinarily proceeds to the second step: conducing voir dire of "prospective jurors to determine whether actual prejudice exists." *United States v. Bakker*, 925 F.2d 728, 732 (4th Cir. 1991). A change of venue is justified only if voir dire demonstrates that an impartial jury cannot be impaneled. *Id.* Here, Defendant has only recently made his initial appearance before the Court. It is too far from the need to select a jury for the Court to ascertain the appropriateness of a change in venue.

Further, Defendant's mental competency has yet to be determined—an issue that may substantially delay these proceedings and must be resolved before the Court will consider a change in venue. A Motion for Psychiatric Examination and Competency Hearing (Doc. No. 24) is pending before the Court. Indeed, as explained by the Government, "Rule 21 motions require decisions regarding legal strategy including weighing local prejudice and the logistical consequences of transferring to another district—things that Defendant cannot do if he is truly incompetent to proceed." *Id.* at 3. Moreover, the Court's Standing Orders do not preclude Defendant from filing a Rule 21 motion after competency is determined. Accordingly, for the reasons explained above and in the Government's opposition, the Court will **DENY** the motion without prejudice.

**SO ORDERED.**
Signed: December 18, 2025

Kenneth D. Bell
United States District Judge