IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-CR-300-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **PRELIMINARY** |
| | ) **PROTECTIVE ORDER** |
| | ) |
| DECARLOS DEJUAN BROWN JR., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Emergency Motion For A Protective Order" (Document No. 59) filed January 14, 2026. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

To start, the undersigned notes it deeply respects the North Carolina General Assembly, any investigations and activity it undertakes, and its work for the State of North Carolina. However, this Court has an obligation to conduct its proceedings in accordance with relevant governing law.

On January 9, 2026, District Judge Kenneth Bell entered an Order. (Document No. 56). It prohibited "the release of any and all law enforcement and '911' emergency recordings relating to the August 22, 2025 events that are the subject of the indictment, including all body camera recordings, dashboard camera recordings, cell phone recordings, surveillance recordings from the [Charlotte-Mecklenburg Police Department] 'Real Time Crime' cameras, or any other recordings in the possession, custody, or control of the [Charlotte-Mecklenburg Police Department's] Office or other governmental agencies . . . ." (Id.)

1

On January 14, 2026, Defendant filed the instant motion. (Document No. 59). Defendant seeks "an emergency protective order preventing the Charlotte-Mecklenburg Police Department and/or the House Oversight Committee of the North Carolina General Assembly (and its members, staffers, and any other person), from releasing or otherwise disclosing the Charlotte Mecklenburg Police Department's (and the Mecklenburg County District Attorney's) criminal investigative file" ("**the materials**") related to the investigation of Defendant. (Document No. 59, p. 1). Defendant alleges on December 19, 2025, Representatives from the House Oversight Committee of the North Carolina General Assembly sent a demand letter to the District Attorney of Mecklenburg County seeking "'emails, messaging, or any other form of correspondence, and all documents, reports, memos, other written materials, or links to such'" regarding the investigation of Defendant. (Id.) According to Defendant, the District Attorney of Mecklenburg County determined the request included Defendant's criminal case file. (Id.) Defendant filed this motion because it learned around 4:30 p.m. on January 14, 2026, "that the file may have already been sent by the Charlotte-Mecklenburg Police Department to the legislative committee and legislators." (Id.)

In this motion, Defendant contends the release of the materials risks "sensitive, confidential, privileged, inadmissible, and other materials" being released to the public. (Id. at 2). Defendant also incorporates and references the arguments he made when the Court granted his earlier motion for a protective order. (Id.) ("This Court has already addressed the dangers of premature release of limited records related to this case in a recent protective order[ and this motion presents a] similar nature and urgen[t situation].").

On January 14, 2026, the Government filed its response. (Document No. 60). The Government explains it "joins Defendant's request for a protective order over the [Charlotte-Mecklenburg Police Department's] criminal investigative file" related to Defendant. (Id. at 1).

Like Defendant, the Government also "relies on the reasons explained in this Court's recent order granting a protective order over law enforcement recordings." (Id.)

Federal Rule of Criminal Procedure 16(d) establishes that the Court "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." "A district court may permit a party to make an ex parte showing of good cause to restrict discovery and, upon such a showing, enter an appropriate protective order." United States v. Hoffman, 612 F. App'x 162, 171 (4th Cir. 2015). Courts have the authority to modify protective orders on a case-by-case basis. See United States v. Bulger, 283 F.R.D. 46, 53 (D. Mass. 2012).

For good cause, the party seeking the protective order has the burden to show disclosure of certain information "'will result in a clearly defined, specific, and serious injury.'" United States v. Brittingham, 2022 WL 3006849, at *1 (W.D. Va. July 28, 2022) (citing United States v. Smith, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013)). Ordinarily, "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.'" United States v. Johnson, 314 F. Supp. 3d 248, 251 (D.D.C. 2018) (quoting United States v. Wecht, 484 F.3d 194, 211 (3d Cir. 2007)).

As a preliminary matter, the Court notes the earlier Order prohibits the release of any and all recordings relating to the August 22, 2025, events that are the subject of the indictment in this case. (Document No. 56). To the extent the materials Defendant now seeks to protect are not covered in that, the Court finds good cause to enter another preliminary protective order. The Court determines Defendant has sufficiently shown release of the materials may prejudice his constitutional rights to due process and a fair trial, and may cause other harms including risking the safety of witnesses. This preliminary protective order may be subject to reconsideration after any further responses are filed or at a later date if circumstances in this case change.

**IT IS, THEREFORE, ORDERED** that Defendant's "Emergency Motion For A Protective Order" (Document No. 59) is **GRANTED**. The Charlotte-Mecklenburg Police Department is **ORDERED** to not disclose the Charlotte-Mecklenburg Police Department's and the Mecklenburg County District Attorney's criminal investigative files related to the August 22, 2025, events that are the subject of the indictment in this case, to any third-party, including, but not limited to, the North Carolina General Assembly, the House Oversight Committee of the North Carolina General Assembly, the North Carolina General Assembly's Representatives, and any Legislator, staff, and/or volunteer, until further order of this Court.

**IT IS FURTHER ORDERED** that to the extent the Charlotte-Mecklenburg Police Department has already released the Charlotte-Mecklenburg Police Department's and the Mecklenburg County District Attorney's criminal investigative files related to the August 22, 2025, events that are the subject of the indictment in this case to the North Carolina General Assembly, the House Oversight Committee of the North Carolina General Assembly, the North Carolina General Assembly's Representatives, and any Legislator, staff, and/or volunteer, such recipient is prohibited from disclosing and/or releasing the files without prior authorization from this Court.

**SO ORDERED**.

Signed: January 15, 2026

David C. Keesler
United States Magistrate Judge