# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CASE NO.  3:25-CR-300-KDB-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DECARLOS DEJUAN BROWN, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Stay Competency Proceedings" (Document No. 62) filed January 16, 2026, and the Government's "Response In Opposition To Defendant's Motion To Stay Competency Proceedings" (Document No. 64) filed January 20, 2026.  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.  Having carefully considered the motion, the parties' respective arguments on this request, and the record of the case to date, the undersigned will respectfully <u>deny</u> the motion.

By the instant motion, Defendant requests "a brief stay of his federal competency proceedings."  (Document No. 62, p. 1).  Defendant explains while the North Carolina state examiners completed their exam and issued a report, there is a protective order in place over the report and until the state judge "can amend or lift the protective order, disclosure of the report is restricted to the state court and defense counsel."  (<u>Id.</u>)  Defendant claims "[t]o conserve judicial and government resources," this Court should briefly stay its competency examination "so this Court, the Government, and the defense can review the North Carolina state competency report and determine what effect it should have on the federal competency proceedings."  (<u>Id.</u>)

1

Notably, Defendant sought this examination. (Document No. 24). Originally, Defendant requested "the Court not enter the order [for a psychological or psychiatric examination] until after the state competency process has been completed, so as not to interfere with the ongoing competency process in that jurisdiction." (Id. at 3). On January 14, 2026, this Court ordered Defendant's psychological or psychiatric examination. (Document No. 57). The Court explained that first, Defendant cannot simultaneously argue this Court is the primary jurisdiction for prosecution and that this Court should delay its proceedings in favor of the state court's process. (Id. at 3). The Court also explained that based on Defendant's representations of the state court's work, this Court's examination would not interfere with the state court's process. (Id.)

The Government filed its response in opposition to the instant motion. (Document No. 64). The Government argues the Court's earlier reasoning for denying Defendant's motion to stay the federal competency proceedings supports denying this motion. (Id.)

On January 21, 2026, Defendant filed a "Notice Of Filing Supplemental Exhibits To Dkt. No. 62" (Document No. 65). Defendant provides the state court's capacity report and an order from the state court allowing the capacity report to be disclosed to defense counsel, this Court, the Federal Bureau of Prisons, and the Government. (Document Nos. 65, 65-1, 65-2).

Again, defense counsel cannot have it both ways. Defendant sought this examination and argued that this Court should delay in ordering the examination until after the state court process was completed. (Document No. 24). Now, even though Defendant represents that the state court examination is complete, and the report written, this Court should, for a new reason, stay its examination. (Document No. 62). Defendant does not explain, or even forecast, what effect he believes this state court report may have on this Court. (Id.) Additionally, now that the state court has ordered the state capacity report may be provided to this Court, the Federal Bureau of Prisons,

and the Government, Defendant's new concerns prompting this request are resolved.  Therefore, this Court will deny Defendant's motion.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion To Stay Competency Proceedings" (Document No. 62) is **DENIED**.

**SO ORDERED**.

Signed: January 21, 2026

David C. Keesler
United States Magistrate Judge