IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:25-CR-300-KDB-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NORTH CAROLINA HOUSE SELECT COMMITTEE ON OVERSIGHT AND REFORM CO-CHAIRS' RESPONSE TO JANUARY 15, 2026 PRELIMINARY PROTECTIVE ORDER |
| v. | ) | |
| DECARLOS DEJUAN BROWN, JR. | ) | |

Representative Brenden Jones, Representative Harrey Warren, and Representative Jake Johnson, in their official capacities as Co-Chairs of the North Carolina House Select Committee on Oversight and Reform ("House Oversight Co-Chairs") respectfully respond to the Court's January 15, 2026 Preliminary Protective Order as follows:

(1) In order to protect the public health, safety, and wellbeing of the citizens of North Carolina, the North Carolina House Select Committee on Oversight and Reform is conducting an inquiry into whether Charlotte-Mecklenburg's official policy decisions, budgetary allocations, and operational practices are effectively addressing rising crime, or whether public safety has been subordinated to other objectives at the expense of Charlotte residents, transit users, and law-abiding members of the community.

(2) On December 19, 2025, in furtherance of their legislative inquiry and in accordance with North Carolina law, the House Oversight Co-Chairs served a request for documents upon Spencer B. Merriwether, Mecklenburg County District Attorney.

The request demanded the production of a wide range of documents, many of which are of limited or no relevance to the Defendant's case. However, the request did demand the production of "communications, including emails, messaging, or any other form of correspondence and all documents, reports, memos, other written materials, or links to such, from January 1, 2020, to the present" regarding the August 22, 2025 events that are the subject of the Indictment in this case, in addition to the December 8, 2025, train stabbing of Kenyan Dobbie. (DE 59-1, p. 2).

(3) On January 14, 2026, the District Attorney notified the Defendant of the District Attorney's intent to comply with the House Oversight Co-Chairs' demand and produce the requested materials, including the criminal case file related to the Defendant, to the House Oversight Committee. (DE 59-1, p. 1-2).

(4) Also on January 14, 2026, Defendant filed an *Emergency Motion for Protective Order* which requested an order:

> "preventing the Charlotte-Mecklenburg Police Department, the North Carolina Legislature (including the House Oversight Committee), Representative Jake Johnson, Representative Brenden Jones, Representative Harry Warren, and any other Legislator, staff, volunteer, or any other person from releasing or otherwise disclosing the criminal investigation file related to the death of I.Z. or the investigation of DeCarlos Brown, Jr. to any person or agency absent an order from this Court."

(DE 59 p. 2).

(5) The House Oversight Co-Chairs have found no evidence on the docket, or elsewhere, that Defendant served his *Emergency Motion for Protective Order* on the House Oversight Committee or its members. Nor were the House Oversight Co-Chairs

given an opportunity to object or otherwise respond to the Motion that sought injunctive relief against the House Oversight Committee, among other non-parties.

(6) On January 15, 2025, Magistrate Judge Keesler granted the Defendant's Emergency Motion and entered a Preliminary Protective Order in this matter. (DE 61). The Preliminary Protective Order, *inter alia*, enjoins the House Oversight Committee of the North Carolina General Assembly, the North Carolina General Assembly's Representatives, and any Legislator, staff, and/or volunteer "from disclosing and/or releasing" the Mecklenburg County District Attorney's criminal investigative files related to the August 22, 2025 incident that is the subject of the Indictment in this case.

(7) The House Oversight Co-Chairs respect the authority of this Court and recognize the importance of the Court's governance of this criminal proceeding.

(8) However, the House Oversight Co-Chairs hold concerns regarding the chilling effect that this Court's order may have on the Committee's discharge of its duties, as well as the legal authority and constitutionality of the Preliminary Protective Order.

(9) If provided notice and an opportunity to be heard on these important constitutional and legal claims, the House Oversight Co-Chairs would respectfully anticipate showing that the Preliminary Protective Order is invalid and unconstitutional as to the House Oversight Co-Chairs.

(10) However, the House Oversight Co-Chairs recognize that well-worn maxim that even an unconstitutional order, such as the Preliminary Protective Order,

must be obeyed until it is reversed or modified through proper legal channels. *See, e.g., Walker v. City of Birmingham*, 388 U.S. 307, 320 (1967).

(11) Therefore, ***subject to and without waiving*** any defenses or objections that the House Oversight Co-Chairs may have to the Preliminary Protective Order (including any legal or constitutional defenses), the House Oversight Co-Chairs respectfully notify the Court that they intend to voluntarily abide by the terms of the Preliminary Protective Order while continuing their ongoing legislative inquiry into critical matters of public health, safety, and wellbeing that affect the citizens of Charlotte and the State, without prejudice to their rights to challenge the Preliminary Protective Order through proper legal channels.

(12) The House Oversight Co-Chairs respectfully notify the Court that they interpret the Preliminary Protective Order to narrowly prohibit disclosing or releasing the Mecklenburg County criminal investigative file related to the events of August 22, 2025 that are the subject of the Indictment in this case. The House Oversight Co-Chairs do not interpret the Court's Preliminary Protective Order to in any way restrict the House Oversight Committee of the North Carolina General Assembly, the North Carolina General Assembly's Representatives, or any Legislator, staff, and/or volunteer from disclosing or discussing, at public hearings or otherwise, any facts related to the August 22, 2025 incident that are already in the public domain, or which have been obtained or discovered through sources other than the Mecklenburg County criminal investigative file related to the Defendant.

(13) The House Oversight Co-Chairs will convene a public hearing on February 9, 2026, and will manage and oversee that hearing in accordance with the foregoing interpretation of the Preliminary Protective Order. The House Oversight Co-Chairs respectfully request notice and an opportunity to be heard if the Court believes the House Oversight Co-Chairs' interpretation of the Court's Preliminary Protective Order is incorrect.

Respectfully submitted, this 27th day of January, 2026.

**DOWLING PLLC**

/s/ W. Michael Dowling
W. Michael Dowling
State Bar No. 42790
Craig D. Schauer
State Bar No. 41571
Post Office Box 27843
Raleigh, North Carolina 27611
Telephone: (919) 529-3351
Fax: (919) 529-3351
mike@dowlingfirm.com
cschauer@dowlingfirm.com

*Counsel For Representative Brenden Jones, Representative Harrey Warren, and Representative Jake Johnson, in their official capacities as Co-Chairs of the North Carolina House Select Committee on Oversight and Reform*

**CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE**

In accordance with the Court's June 18, 2024, Standing Order, I hereby certify that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg.

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

/s/ W. Michael Dowling  
W. Michael Dowling