UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO.: 3:25-cr-00300-KDB-DCK |
| | ) | |
| v. | ) | CONSENT MOTION FOR ENTRY OF |
| | ) | STANDARD CRIMINAL DISCOVERY |
| DECARLOS DEJUAN BROWN, JR. | ) | ORDER |
| | ) | |
| | ) | |
| | ) | |

The United States of America, by and through Russ Ferguson, United States Attorney for the Western District of North Carolina, files this consent motion seeking the entry of the Court's Standard Criminal Discovery Order, with the modifications described below.

On October 22, 2025, a federal Grand Jury in Charlotte, North Carolina, indicted Defendant for one count of Violence Against a Railroad Carrier and Mass Transportation System Resulting in Death, in violation of Title 18, United States Code, Section 1992(a)(7), (b)(1), & (c)(1). ECF No. 10. On December 11, 2025, Defendant made his initial appearance in federal court.

On December 10, 2025, the night before Defendant's initial appearance, defense counsel filed a series of motions, including a motion for a competency evaluation and hearing. ECF No. 24. On January 14, 2026, the Court ordered a competency evaluation of Defendant pursuant to 18 U.S.C. § 4247(b). ECF No. 57. At the request of representatives of the Bureau of Prisons (BOP) involved in the competency evaluation process, the Prosecution intends to provide discovery relevant to the evaluation to BOP to aid in their Court-mandated review.[1]

---

[1] BOP has communicated their request to Defense Counsel as well.

Defendant has not been arraigned in this matter because his federal competency evaluation remains pending. Accordingly, this Court has not issued its Standard Criminal Discovery Order, Scheduling Order, or Standard Arraignment Order.

The government requests that the Court enter the Standard Criminal Discovery Order so that discovery can also be provided to defense counsel prior to arraignment. This order will allow the government to produce discovery, including police reports and witness statements, to defense counsel under the protections of this Court's Order. By allowing defense counsel to examine discovery as soon as possible, the defense team can be more prepared to progress this matter once any competency issues are resolved. Furthermore, since as noted above, discovery will be shared with BOP officials involved in the competency evaluation process, it would seem appropriate that Defense Counsel have the benefit of awareness of the full gamut of information about the Defendant during that phase of the case.

The government is not requesting that the Court enter a Scheduling Order. Usually, the Court's Scheduling Order also contains a link to the Court's Standing Arraignment Order. Between the Scheduling Order and the Arraignment Order, this Court's primary scheduling dates are set for any given criminal case. Until the issues raised in Defendant's requests for a competency evaluation are resolved, it would be premature to enter a Scheduling Order in this matter.

The government conferred with counsel for Defendant, who represented that they were not opposed to the relief requested in this motion, provided the scheduling dates usually set in a Scheduling Order and the Standard Arraignment Order are not entered. Additionally, counsel for Defendant seeks to modify and expand paragraph 22 of the Standard Criminal Discovery Order to allow Defendant's federal defense team to collaborate and share information with the state

defense team. The government is not opposed to this modification, provided that Defendant's state defense team agrees to be bound by this Court's Standard Discovery Order. The proposed modification to paragraph 22 would read:

> Any discovery material, including but not limited to, statements and summaries of interviews of witnesses made available for review by the prosecution to the defense, shall not be used by the defendant or his attorney for any purpose other than in direct relationship to the case and no further disclosure shall be made of these items, except that the defendant may share discovery material received in this matter with his state defense team in case number 25CR394562-590, provided that the defendant's state defense team agree to be bound to the terms of this Standard Discovery Order.

WHEREFORE, the government requests that the Court enter its Standard Criminal Discovery Order with the modifications described above.

Respectfully submitted February 19, 2026.

**RUSS FERGUSON**
**UNITED STATES ATTORNEY**

 *s/ Edward Ryan*
Edward R. Ryan, NJ Bar # 029931986
Assistant United States Attorney
United States Attorney's Office
Western District of North Carolina
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
E-mail: Ed.Ryan@usdoj.gov

*s/ Daniel Cervantes*
Assistant United States Attorney
FL Bar Number: 40836
Attorney for the United States
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: 704.338.3115
Fax: 704.227.0197
E-mail: daniel.cervantes@usdoj.gov

3

## **CERTIFICATION**

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Certified on February 19, 2026.

        /s/ Daniel Cervantes
        Assistant United States Attorney