# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CRIMINAL ACTION NO. 3:25-CR-00300-KDB-DCK

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

DECARLOS DEJUAN BROWN JR.,

        Defendant.

<u>**ORDER**</u>

**THIS MATTER IS BEFORE THE COURT** on Defendant's Motion for Competency Hearing and Memorandum in Support of a Finding of Incompetence (Doc. No. 90).

On December 10, 2025, Defendant filed a "Motion for Psychiatric/Psychological Examination and Competency Hearing." (Doc. No. 24). The Court granted the motion, and on January 14, 2026, ordered Defendant to undergo a psychological or psychiatric evaluation pursuant to 18 U.S.C. §§ 4241(a) and (b). (Doc. No. 57).[1]

Defendant was subsequently transferred to the Metropolitan Correctional Center in Chicago ("MCC Chicago"), where he was evaluated by a licensed clinical psychologist who is board-certified in forensic psychology. The evaluator spent multiple hours with Defendant over several sessions and conducted an extensive review of records concerning Defendant's background, including filings in this case; medical records from the Bureau of Prisons and private healthcare providers; and law-enforcement materials from local, state, and federal agencies. The

---

[1] Also in January 2026, State of North Carolina mental health professionals filed a forensic evaluation finding Defendant incapable to proceed with the state criminal prosecution.

evaluator also interviewed individuals with relevant knowledge of Defendant's mental condition and reviewed audio and video recordings involving Defendant. In addition, Defendant was observed throughout his stay at MCC Chicago by medical, correctional, and mental-health staff, and those observations were considered by the evaluator.

On April 14, 2026, the evaluator submitted a report to the Court, with copies provided to defense counsel and the United States Attorney as required by 18 U.S.C. § 4247(c). The report concluded that Defendant is presently not competent to stand trial, but that his prognosis for restoration to competency is favorable with appropriate medication therapy. On June 9, 2026, the Court held a hearing pursuant to §§ 4241(c) and 4247(d) in which it found by a preponderance of the evidence that Defendant is suffering from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings or to assist properly in his defense. The Court also noted that the inquiry does not end with its finding of incompetency.

As the next step, Defendant will be committed to the custody of the Attorney General for hospitalization and treatment in a suitable secure facility for a period not to exceed four months, to determine whether there is a substantial probability that Defendant, in the foreseeable future, will attain the capacity to proceed. *See* § 4241(d). At the conclusion of that restoration period, the Court will determine (1) whether Defendant's competency has been restored and whether the case may move forward;  (2) whether continued treatment is necessary to restore competency if not presently competent; or (3) whether Defendant cannot be restored to competency.[2] *See*  §§ 4241(d) and (e). *See also United States v. Davis,* 801 F. App'x 80, 85 (4th Cir. 2020) ("[T]he legal test for competency is whether the defendant 'has sufficient present ability to consult with his lawyer with

---

[2] The Court cannot forecast whether Defendant's competency will be restored. However, even if the Court eventually finds there is no probability that Defendant's capacity can be restored, he will be subject to civil commitment proceedings. *See* § 4246.

a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him.'").

**IT IS THEREFORE ORDERED** that:

1. The Court finds by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense at this time;

2. Defendant is committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d), who shall hospitalize the Defendant for treatment in a suitable facility and for further evaluation to determine whether the Defendant can attain, or has attained, competency to proceed;

3. The custodial treatment and evaluation described above shall be "for such a reasonable period of time, not to exceed four months," as provided in 18 U.S.C. § 4241(d). If the four month period expires and in the opinion of the examiner the Defendant does demonstrate a substantial probability of attaining competency to proceed, the Court will consider commitment "for an additional reasonable period of time until" either (1) "his mental condition is so improved that trial may proceed, if the [C]ourt finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward;" or (2) "the pending charges against him are disposed of according to law," "whichever is earlier." 18 U.S.C. §§ 4241(d)(2)(A), (d)(2)(B). Pursuant to § 4241(d)(2), the examiner shall submit a report detailing such opinion to the Court at the expiration of the four-month period described above, which shall include the

length of the additional time within which the examiner believes the Defendant will attain competency to proceed;

4. The United States Marshal is directed to transport the Defendant to the selected treatment site at the earliest opportunity; and

5. The Clerk is directed to send copies of this Order to defense counsel, counsel for the Government, and the U.S. Marshal.

**SO ORDERED.**

Signed: June 9, 2026

Kenneth D. Bell
United States District Judge