IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

DECARLOS DEJUAN BROWN, JR.,

        Defendant.

DOCKET NO. 3:25-cr-300-KDB-DCK

## MOTION TO SEAL DEFENDANT'S OBJECTIONS TO DOCKET NO. 94

Defendant DeCarlos Brown, Jr., respectfully moves this Court to file under seal his objections to the government's motion (Docket No. 94 with exhibits). Mr. Brown makes this application because the report contains information that is confidential and/or highly sensitive.

## I.    LEGAL ARGUMENT

The Supreme Court has recognized a common law right of access to judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "This right of access to court records is not absolute, however." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Id*. "[F]actors to be weighed in the balancing test" include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id*. Accordingly, courts have determined that sensitive medical or personal identification

1

information may be sealed. *See Rock v. McHugh,* 819 F. Supp. 2d 456, 475 (D.Md. 2011) (sealing sensitive medical records) (citing *Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (affirming decision to seal certain "confidential, proprietary, commercial, or financial data" that was produced under a protective order) and *Briggs v. Marriott Int'l*, Inc., 368 F. Supp. 2d 461, 463 n. 1 (D.Md. 2005) (sealing personal and medical information)).

The Fourth Circuit instructed that prior to sealing any documents, the district court should provide the non-moving party with notice of the request to seal. *In re Knight Pub. Co.*, 743 F.2d at 235. This notice requirement may be satisfied by docketing the motion "reasonably in advance of deciding the issue." *Id*. at 235. Finally, the district court should consider less drastic alternatives to sealing, such as filing redacted versions of the documents. Id. If the court decides that sealing is appropriate, it should also provide reasons, supported by specific findings, for its decision to seal and for rejecting alternatives. *Id*. Under Local Rule Governing Criminal Cases 49.1.1 of the District Court for the Western District of North Carolina, a party may request the court to seal a document filed with the Court.

In the case at bar, the objections contain confidential medical and/or mental health information that should not be disclosed to the public for privacy and confidentiality reasons.[1] The Court has granted recent similar motions to seal in this case for those same reasons. That practice is consistent with other courts in this district. *United States v. Crook*, 3:04-cr-58 and 3:04-cr-59 (*passim* orders sealing pleadings containing sensitive medical and mental health information); *United States v. Ashley*, 5:11-cr-73-KDB (Dkt. Entry, May 16, 2023); *United States v. Hernandez*, 5:14-cr-40-KDB-DSC (Dkt. Entry, March 23, 2020); *United States v. Vazquez*, 3:08-cr-223-RJC-1 (Dkt. Entry, Apr. 7, 2020). *Cf. Glisson v. Hooks*, 2019 WL 2366470, *3-4 (W.D. N.C. June 4, 2019) (and citing *Rushford v. New Yorker Magazine*, Inc., 846 F.2d 249, 253

---

[1] The government has also moved for its motion to be filed under seal for the same reasons. Dkt. No. 95.

(4th Cir. 1988); *Moore v. Washington Hosp. Ctr.*, Dkt. 11-3742, 2012 WL 2915165, at *6-7 (D. Md. July 16, 2012) (sealing "sensitive health information"); *Collins v. Chemical Coatings, Inc.*, 2008 WL 5105277, at *2 (W.D. N.C. Dec. 1, 2008) (sealing "personal and sensitive information regarding mental health and medical treatment"); and *Briggs v. Marriott Intern, Inc.*, 368 F.Supp.2d 461, 463 n.1 (D. Md. 2005) (holding that the defendant's "interest in protecting his personal mental health information and family identifiers 'heavily outweigh[s] the public interests in access.'"))

Mr. Brown's interests in protecting his private and confidential medical history and information "heavily outweigh[s] the public interests in access." *Glisson*, 2019 WL 2366740, at *3-4. The private and confidential medical information contained in his motion and supporting documents is not ordinarily accessible to the public, and disclosure could result in the information being used for an improper purpose. Disclosure, then, does not serve to promote the public's interest in understanding the judicial process. Given the nature of the references to the private and confidential information in the objections, redaction would not be practicable in this case. Mr. Brown therefore moves this Court to grant his motion to seal.

## II.      CONCLUSION

For the foregoing reasons, Mr. Brown respectfully requests that the Court grant this motion to file his objections under seal.

Dated this 4th day of August, 2026.

Respectfully Submitted,

<table>
<tr><td><u>s/ Joshua Snow Kendrick</u></td><td><u>/s/ Megan C. Hoffman</u></td></tr>
<tr><td>Joshua Snow Kendrick (9037)</td><td>Megan C. Hoffman</td></tr>
<tr><td>Learned Counsel</td><td>First Assistant Federal Public</td></tr>
<tr><td>KENDRICK & LEONARD, P.C.</td><td>Defender</td></tr>
<tr><td>7 Mills Avenue</td><td>Federal Public Defender, WDNC</td></tr>
<tr><td>P.O. Box 6938</td><td>129 W. Trade St., Ste. 300</td></tr>
<tr><td>Greenville, SC 29606</td><td>Charlotte, NC 28202</td></tr>
<tr><td>Tel: (864) 760-4000</td><td>Tel: (704) 374-0720</td></tr>
<tr><td>Josh@KendrickLeonard.com</td><td>megan_hoffman@fd.org</td></tr>
</table>